[Civ. No. 2272.   Second Appellate District.—January 3, 1917.]

CITY OF SAN DIEGO (a Municipal Corporation), et al.,
    Petitioners, v. EDWIN M. CAPPS, as Mayor, etc.,
    Respondent.

Municipal Corporations—Chief of Police of San Diego—Appoint-
    ment by Mayor—Mandamus—Right of Common Council.—The
    common council of the city of San Diego have such a beneficial in-
    terest in the appointment of a superintendent or chief of police for
    such city by the mayor thereof, as provided by the freeholders' char-
    ter of the city of San Diego, as to make them proper parties under
    section 1086 of the Code of Civil Procedure to petition for a writ
    of *mandamus* to compel such executive to make the appointment
    upon his refusal to do so.

APPLICATION for a Writ of Mandate originally made
to the District Court of Appeal for the Second Appellate
District to compel the mayor of the City of San Diego to
appoint a superintendent or chief of police.

The facts are stated in the opinion of the court.

T. B. Cosgrove, City Attorney, for Petitioners.

Arthur L. Dorn, for Respondent.

JAMES, J.—Petition in *mandamus* for a writ to compel the
respondent, mayor of the city of San Diego, to appoint a
superintendent or chief of police. It appears from the peti-
tion, the facts not being disputed by respondent, that on the
first day of May, 1915, there became effective a provision of
the freeholders' charter of the city of San Diego creating a
police department . and providing for a superintendent or
chief of police; that it was also provided in said charter that
the mayor should appoint such chief .of police. It appears
that no appointment has been made under the charter pro-
vision of an executive head for the police department, and
that the respondent mayor has refused to make such appoint-
ment. It appears also by allegations in the petition that on
the first day of December, 1916, the city council of said city
passed a resolution declaring that necessity existed for the
appointment of a chief of police, and demanding that the

mayor perform his·duty and select some person to fill the office. The resolution further directed the city attorney to institute proceedings to compel the mayor to make the appointment. The city of San Diego and the common council appear as petitioners. It is contended on the part of respondent that these plaintiffs are not entitled to the writ sought, because they have not such a beneficial interest in the subject matter as to make them proper parties under section 1086 of the Code of Civil Procedure. While the functions of the common council are in the main legislative, that body has other duties devolving upon it and, in a qualified sense and subject to the restrictions of the city charter, is the governing arm of the municipality. Where officers of a city charged with the performance of ministerial duties, neglect or refuse to follow the direction of the law under which they have assumed office, it would seem most proper that the city by its common council should be permitted in a proceeding of this kind to compel such officers to fulfill the obligation which their oath has imposed upon them. That this right exists in the city is very clearly held in *City of San Buenaventura* v. *McGuire,* 8 Cal. App. 497, [97 Pac. 526, 528]. The statement of the law as contained in that case was approved by the supreme court when a petition to have the matter reheard was denied. In a city of the considerable size of San Diego it must be presumed, irrespective of the very full and affirmative allegations in the petition to that effect, that for the efficient administration of the police department it is necessary that there should be an executive head thereof. The people of the city of San Diego in their charter determined that they would have a chief of police, and made it incumbent upon the mayor as a purely ministerial duty to name someone to fill that office. To say that the mayor may refuse to heed the express mandate of the electors of the city would be to give countenance to a species of executive nullification which the law will not tolerate. When the mayor took his oath, and accepted the office, he bound himself to perform all the duties which the charter imposed upon him. No discretion was left under which he might in the regard here considered supplant the judgment of the people solemnly declared at their charter election, by carrying out a policy which might satisfy his individual notion of what was best to be done in the cir-

cumstances. To our minds, this is a most appropriate case for use of the writ sought.

Peremptory writ of mandate is ordered to be issued, the return day to be five days from time of service; petitioners to recover their costs.

Conrey, P. J., and Shaw, J., concurred.