[Civ. No. 4082. First Appellate District, Division One.—June 29, 1922.]

LOUIS BARTLETT, Mayor, etc., Appellant, v. ELMER F. BELL, Auditor, etc., Respondent.

[1] MUNICIPAL CORPORATIONS—REFUSAL OF AUDITOR TO ALLOW CLAIM OF PRIVATE PARTY — RIGHT OF MAYOR TO MAINTAIN MANDAMUS PROCEEDING.—The mayor of the city of Berkeley, a municipal corporation organized under a freeholders' charter, in his official capacity has not the power to institute and maintain a proceeding in *mandamus* to compel the auditor of said city to allow a claim in favor of a private party against the city for lug boxes furnished for use in the conduct of its municipal market.

APPEAL from a judgment of the Superior Court of Alameda County. James G. Quinn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lemuel D. Sanderson, Assistant City Attorney, for Appellant.

Richard B. Bell and R. M. F. Soto for Respondent.

PREWETT, J., *pro tem.*—The city of Berkeley is a municipal corporation organized under a freeholders' charter. During all the period of time involved in this proceeding the appellant was the mayor and the respondent was the auditor of said city.

The council of said city on the fifteenth day of March, 1921, adopted an ordinance amending a former ordinance establishing a municipal market in said city. Said ordinance and the amendment thereto provide for the selection of a market manager. Section 4 of said amended ordinance reads as follows:

"Section 4. That the market manager shall make the purchases of equipment and shipments of foodstuffs, and all demands for payment of the same when allowed by the council, shall be signed by the president and clerk of the council, and shall be properly numbered and dated. Likewise, a warrant numbered and dated the same as the demand shall be issued and signed by the same officers. Both must, before they can be paid, be presented to the auditor.

"The auditor shall allow it, and indorse upon said warrant the word 'Allowed' and the date of such allowance and sign his name thereto. The treasurer shall pay said demand on the presentation of the warrant so allowed."

To supply the needs of the market established by said ordinances, the proper officers purchased from the Mercantile Box Co. 500 lug boxes at a price of $106.25.

The demurrer admits that the amount of the aforesaid claim is a fair and reasonable sum to be paid for said materials.

A claim for the same was regularly presented by said Mercantile Box Co., and the same was passed and authenticated as required by ordinance and then presented to said respondent as said auditor for allowance. That officer refused to allow the claim or in any manner to indorse the warrant.

[1] This proceeding is instituted by said appellant in his official capacity as mayor of said city to procure a writ of mandate compelling said respondent to allow said claim.

It has been stipulated that this case shall be submitted to this court upon the sole issue as to the power of the appellant as said mayor to maintain this proceeding.

Section 6 of article XI of the constitution provides, among other things, as follows: "Cities and towns hereafter organized under charters framed and adopted by authority of this constitution are hereby empowered, and cities and towns heretofore organized by authority of this constitution may amend their charters in the manner authorized by this constitution so as to become likewise empowered hereunder, to make and enforce all laws and regulations in respect to municipal affairs, subject only to the restrictions and limitations provided in their several charters, and in respect to other matters they shall be subject to and controlled by general laws."

The charter of said city provides that it shall have the right and power to acquire, establish, maintain, equip, own, and operate markets and market houses and all other public buildings, places, works, and institutions; and to enact appropriate legislation and do and perform any and all other acts and things which may be necessary to carry out its general powers and to exercise all powers not in conflict with the constitution and its charter.

Article VI, section 21, of said charter reads as follows: "The mayor shall be the chief executive officer of the city and shall see that all the ordinances thereof are duly enforced. He shall be charged with the general oversight of the several departments of the municipal government. He shall see that all contracts made with the city are faithfully performed."

The appellant complains that, by reason of the refusal of said respondent to approve warrants for claims incurred in connection with said municipal market, the market director is deprived of the means of carrying on his duties, and that he, the appellant, is deprived of the means of enforcing said ordinances providing for said market.

It is clear that the appellant is not authorized to maintain this proceeding.

## I.

He is not the real party in interest. His only interest in the matter of payment of this claim arises by reason of its supposed favorable effect upon other negotiations and contracts had by the city with other contractors. But this condition is remote and inconsequential. There exists no direct and tangible interest on the part of the city in the payment of this claim. The city received the commodity in conformity with the terms of the contract had with the claimant. It cannot further seek or obtain anything that it has not already acquired. If the writ were granted, the city would be no richer and no property or other tangible right would be secured to it. So far as the rights of the city are concerned, the controversy is over a mere moot question in which it has no financial interest.

In no manner and in no degree does the city or the mayor represent any of the interests of the claimant, and the claimant alone is entitled to complain if its demands are unpaid.

The appellant draws our attention to *State* v. *Crawford*, 28 Fla. 441 [14 L. R. A. 253, 10 South. 118], as sustaining his position. In that case the court upheld the right of the Governor to prosecute a writ against the Secretary of State to compel that officer to sign, seal, and deliver a commission to a public officer. It was held that the state had such an interest in seeing that all public offices were properly filled, that the Governor could prosecute the writ. The court says: "The entire public are directly interested in the consummation of his appointment, in order that he may perform the duties of his office, which duties, and the necessity of the performance thereof to the public account, not only for the appointment, but for the creation of the office itself."

He relies also upon *Russell* v. *Ayer*, 120 N. C. 180 [37 L. R. A. 246, 27 S. E. 133]; but in that case the Governor sought to compel the state auditor to perform a ministerial duty with reference to the levy and collection of certain taxes. Manifestly the entire state was interested in the matter, and the Governor, as its chief executive, was charged with the duty of seeing that all officers performed their duty. It was held that he could maintain the proceeding.

But here we have a public officer seeking to compel another public officer to perform an act for the benefit of a private party, and an act in which the public as such has no manner of interest.

If the respondent, as auditor, refuses to perform some ministerial duty which injuriously affects the claimant, then the person injured should seek the remedy. The city cannot depart from its proper functions to assist private litigants in collecting their private debts. The fact that the city owes the debt in no way affects the duty of the claimant himself to seek the proper relief.

No more does *City of San Buena Ventura* v. *McGuire,* 8 Cal. App. 497 [97 Pac. 526, 528], aid the appellant. That case involved the refusal of an officer to authenticate an ordinance passed by the board of trustees, and the city, being interested in passing the ordinance, brought an action for a writ compelling the discharge by the officer of his ministerial duty. The court upheld the right of the city to sue. *City of San Diego* v. *Capps,* 32 Cal. App. 461 [163 Pac. 235], involves a similar principle. Neither case is authority here.

Appellant further insists that because the charter requires the mayor to see that all ordinances of the city are duly enforced and that contracts made with the city are faithfully performed, that official may intervene in matters affecting either ordinances or contracts even though the city has no actual interest in their observance. The duties conferred by the charter cover only matters in which the city has an affirmative interest, and they do not require or permit him to reach out and assist private litigants in asserting their monetary rights, even though, in a remote sense, the city may be affected by them.

The judgment of the lower court is affirmed.

Tyler, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 28, 1922.

All the Justices present concurred.

Richards, J., *pro tem.,* and Myers, J., *pro tem.,* were acting.