[Civ. No. 7746.   Second Appellate District, Division Two.—March 31, 1933.]

WALTER C. AUSTIN, Appellant, v. H. S. UPJOHN, as County Superintendent of Schools of Los Angeles County, et al., Respondents.

John H. Bogardus for Appellant.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard and Claude H. McFadden, Deputies County Counsel, for Respondents.

STEPHENS, J.—A contract with Pacific Electric Railway Company, a corporation, was entered into by Pasadena City High School District for the transportation of school children.   The facts are fully set out in *Pasadena City High School Dist.* v. *Upjohn,* 206 Cal. 775 [276 Pac. 341, 343, 63 A. L. R. 408], and the requisition for compensation under such contract was regularly approved and presented to the County Superintendent of Schools and the County Auditor refused to honor it in part.   Some time after the contract had expired the district requested the county counsel to

institute *mandamus* proceedings against the two county officers referred to, to compel them to honor the requisition. The county counsel refused and the district employed plaintiff's assignors to act as attorneys in the prosecution of such a proceeding. The district thereafter, in conjunction with the railway company, instituted and prosecuted such proceedings to a conclusion. (*Pasadena City High School Dist.* v. *Upjohn, supra.*) Thereafter an attorney's fee for such service was approved by the district, but the said referred to county officers refused to honor it and a proceeding in *mandamus* was instituted and prosecuted in the superior court against them by the assignee of such attorneys. The alternative writ issued but after a hearing which presented the above facts in effect, it was dissolved and the peremptory writ was denied. Findings were waived and judgment was accordingly entered.

Plaintiff below appeals and presents two points, first: The district, in proper circumstances, has the right to employ attorneys; second: The right follows from the circumstances obtaining. Respondents concede the first but contest the second on the general ground that the district has no real or actionable interest in the subject matter of the controversy. But the Supreme Court has definitely decided this question against respondents' contention. Mr. Justice Shenk in the opinion written in *Pasadena City High School Dist.* v. *Upjohn, supra,* concludes: "It thus appears that the high school board is holding in abeyance the exercise of the power, if it has such power, to provide further transportation for pupils residing in Sierra Madre until the determination of this matter."

Respondent presses the case of *Bartlett* v. *Bell,* 58 Cal. App. 357 [208 Pac. 701], as authority that the interest of the district is not such an interest as will give it the right to maintain the proceeding against the county officers. But whatever we may think of *Bartlett* v. *Bell, supra,* the fact remains, as we have seen, that the Supreme Court did recognize the district and did find that it had an interest entitling it to maintain the proceeding.

Judgment reversed, with directions to the trial court to issue its peremptory writ of mandate in the premises.

Works, P. J., and Archbald, J., *pro tem.,* concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 29, 1933.