[Civ. No. 6776.   Third Dist.   Nov. 19, 1942.]

CITY OF ROSEVILLE (a Municipal Corporation) et al., Respondents, v. JAMES E. TULLEY, as City Treasurer, etc., Appellant.

J. Benton Tulley and Keyes & Erskine for Appellant.

L. DeWitt Spark for Respondents.

John J. O'Toole, City Attorney (San Francisco), Harold P. Huls, City Attorney (Pasadena), and Louis H. Burke, City Attorney (Montebello), as Amici Curiae on behalf of Respondents.

SCHOTTKY, J. pro tem.—Petitioners filed a petition in the court below seeking a writ of mandate to compel the

city treasurer of the city of Roseville to approve and pay warrants approved by the city council of the city of Roseville, for the expenses of two city councilmen, the city clerk and the city attorney, as delegates to the annual conference of the League of California Cities, held at San Diego in September, 1940. The petition alleged that the city of Roseville is a charter city; that its city council had, at a regular meeting on August 14, 1940, authorized the payment of the expenses of the delegates of the city to the conference of the League of California Cities; and that on September 3, 1940, said city council had authorized councilmen Rowe, Nagle and Cope, and City Clerk Terry, City Attorney Sparks and City Controller Butts, to attend said conference as delegates of the city; that councilmen Rowe and Cope, the city clerk and the city attorney did attend the conference, and did incur expenses in specified amounts; that at the meeting of the council on October 9, 1940, claims for said expenses were approved by the council, and warrants therefor were regularly issued and presented to the city treasurer, who refused to approve and pay same.

Respondent (appellant here) city treasurer's demurrer to the petition was overruled, and no answer was filed, and thereafter, after a hearing at which there was no appearance for appellant city treasurer, the court found in accordance with the allegations of the petition, and a judgment was entered granting a peremptory writ of mandate as prayed for. This appeal is by the city treasurer from said judgment.

Appellant's first point is that the petition was not filed in the names of the parties beneficially interested, in that the payees of the warrants were not joined as petitioners. In support of this contention appellant cites *Bartlett* v. *Bell*, 58 Cal.App. 357 [208 P. 701], in which it was held that the mayor of the city of Berkeley, in his official capacity, had not the power to institute a proceeding to compel the auditor of said city to allow a claim in favor of a private party and against the city, for lug-boxes furnished for use in the conduct of its municipal market. This case would appear to support appellant's contention, but we do not believe that it is either based on sound reasoning or supported by the weight of authority. We believe that in the instant case the city of Roseville did have a real and substantial interest in seeing to it that the policy adopted by its council with reference to the payment of the expenses of its appointed delegates to the

conference of the League of California Cities was carried out. We are fortified in this view by the case of *Austin* v. *Upjohn*, 130 Cal.App. 733 [20 P.2d 735], in which the court said at page 734:

"Plaintiff below appeals and presents two points, first: The district, in proper circumstances, has the right to employ attorneys; second: The right follows from the circumstances obtaining. Respondents concede the first but contest the second on the general ground that the district has no real or actionable interest in the subject matter of the controversy. But the Supreme Court has definitely decided this question against respondents' contention. Mr. Justice Shenk in the opinion written in *Pasadena City High School District* v. *Upjohn* [206 Cal. 775 (276 P. 341, 63 A.L.R. 408)], *supra*, concludes: 'It thus appears that the high school board is holding in abeyance the exercise of the power, if it has such power, to provide further transportation for pupils residing in Sierra Madre until the determination of this matter.' Respondent presses the case of *Bartlett* v. *Bell*, 58 Cal.App. 357 [208 P. 701], as authority that the interest of the district is not such an interest as will give it the right to maintain the proceeding against the county officers. But whatever we may think of *Bartlett* v. *Bell*, *supra*, the fact remains, as we have seen, that the Supreme Court did recognize the district and did find that it had an interest entitling it to maintain the proceeding."

In the case just cited a hearing was denied by the Supreme Court. Our conclusion upon this point is that the city of Roseville and the members of its council did have a right to institute and maintain said proceeding.

Appellant next contends that the charter of the city of Roseville prohibits the payment of the expenses in question.

It should be noted that the city of Roseville is a freeholders' charter city which has availed itself of the so-called Home-Rule Amendment to the Constitution, adopted in 1914, and reading as follows:

"Cities and towns hereafter organized under charters framed and adopted by authority of this Constitution are hereby empowered, and cities and towns heretofore organized by authority of this Constitution may amend their charters in the manner authorized by this Constitution so as to become likewise empowered hereunder, to make and enforce all laws and regulations in respect to municipal affairs, subject only to the restrictions and limitations provided in their

several charters, and in respect to other matters they shall be subject to and controlled by general laws."

As was said in *West Coast Advertising Co.* v. *San Francisco,* 14 Cal.2d 516 [95 P.2d 138], at page 521:

"It is now established by a line of decisions of the courts of this state that a city which has availed itself of the provisions of the Constitution as amended in 1914 has full control over its municipal affairs unaffected by general laws on the same subject-matters, and that it has such control whether or not its charter specifically provides for the particular power sought to be exercised, so long as the power is exercised within the limitations or restrictions placed in the charter."

This court may take judicial notice of the charter of the city of Roseville which is found in Stats. 1935, page 2579; amended by Stats. 1937, page 2741.

It is important to note the distinction between a city such as Roseville, which operates under a freeholders' charter, and which has plenary power in municipal affairs, and a public agency such as a county, which has only such powers as have been expressly granted to it or are necessarily implied in the powers expressly granted.

Section 1 of article IV of the charter declares that "The City of ROSEVILLE, by and through its Council and other officials, shall have and may exercise all powers necessary or appropriate to a municipal corporation and the general welfare of its inhabitants which are not prohibited by the Constitution of the State of California and which it would be competent for this charter to set forth particularly or specifically, and the specification herein of any particular powers shall not be held to be exclusive of or any limitation upon this general grant of powers."

Appellant points out that section 2 of article VI of the charter states in part that "The members of the Council . . . shall serve without compensation. . . . No officer or employee shall be allowed any fee, perquisite, emolument or stipend, in addition to, or save as embraced in, the salary or compensation fixed for such officer by the Council . . ."; and that section 6 of article VI states in part that "No officer, appointee, or employee shall receive any . . . money for, or by reason of, any . . . services for the City by himself . . . except his lawful compensation as such officer, appointee, or employee."

No useful purpose will be served by discussing and dis-

tinguishing the numerous cases cited by appellant in support of this contention. It is clear to us from a reading of this provision of the charter that they do not preclude the payment of the lawful and authorized expenses of a city official or employee. The reimbursement of a city officer or employee for expenses actually and necessarily paid out by him in carrying out instructions of the city council, or in performing functions authorized by the council, is not allowing any "fee, perquisite, emolument, or stipend," nor is it the recovery of "moneys for, or by reason of any . . . services for the City by himself." Assuming that the expenses were actually paid out, and were for items properly allowed as expenses, the reimbursement by the city of the officer or employee for such expenses is not payment for his services any more than it would be if the warrant or warrants for such expenses were made out directly to the hotels, restaurants and transportation companies that furnished the items making up the expenses. To hold otherwise would, in our opinion, be giving a strained and hypertechnical construction to charter provisions whose meaning and intent are clear.

We therefore hold that there is nothing in the charter of the city of Roseville which prohibits the city council from authorizing the necessary expenses of members of the council, or of other officers or employees of the city, expended in attending any meeting which is for the public interest or welfare of the city. If it clearly appears the meeting is not beneficial to the city, the expenses of the representatives may not be lawfully incurred. In accordance with the principle that public officers are presumed to properly perform their official duties (§ 1963, subd. 15, Code Civ. Proc.), in the absence of evidence to the contrary, we must assume the services of the representatives were for the benefit of the city.

Appellant's final contention is that the payment of the expenses of the city officials of Roseville to the conference of the League of California Cities is not an expenditure for a proper municipal purpose.

We have already pointed out that Roseville is a charter city which has availed itself of the so-called Home-Rule Amendment to the state Constitution, and "has full power over its municipal affairs, unaffected by general laws on the same subject-matter"; and that the charter itself provides in section 1 of article IV thereof, that the city "by and through its Council and other officials, shall have and may exercise, all powers necessary or appropriate to a municipal

corporation and the general welfare of its inhabitants which are not prohibited by the Constitution of the State of California.''

In the instant case the city council has by appropriate resolution authorized the payment of the expenses of the delegates of the city to the conference of the League of California Cities; has designated said delegates and authorized them to attend; and has approved and ordered paid the claims of the delegates who did attend said conference. It appears from the record that the ''League of California Cities'' is a California corporation; that its membership consists of a majority of the cities of the State of California; that its purposes are to assist the member cities thereof, and such cities' officers and employees, in bettering municipal government in said cities; that said league annually holds a conference for the officers and employees of all member cities, for the purpose of perfecting such city officers' training in the proper performance of their duties in their respective cities.

We are, in effect, urged by appellant to hold that the city council of Roseville, which has the broad powers hereinbefore set forth, does not have the power to determine that the attendance of certain of its officials upon a conference of said league is ''appropriate to a municipal corporation and the general welfare of its inhabitants.'' Decisions relating to' counties, or to cities having restrictions in their charters, or to non-charter cities, are not controlling as to the specific issues here involved, because, as we have already pointed out, it is important to note the distinction between a city such as Roseville, which operates under a freeholders' charter, and which has plenary power in municipal affairs, and a public agency such as a county, which has only such powers as have been especially granted to it, or are necessarily implied in the powers expressly granted. When this distinction is understood and considered, the numerous authorities cited by appellant are easily distinguishable.

Of course, municipal expenditures made for the purpose of improving the administration of municipal affairs must have a reasonable connection with the object sought to be obtained. There is nothing in the record in the instant case to indicate that the attendance of official delegates of the city of Roseville to the annual conference of the League of California Cities was without benefit to that city. For this

court to say, in the absence of any support therefor in the record, that such expenditures for the expenses of such delegates resulted in no benefit to the city of Roseville, or had no reasonable connection with improving the administration of its municipal affairs would in our opinion be an unwarranted interference with the legislative function of the city council, because when the Legislature *"or city council engaged in the exercise of legislative functions, proceeds upon the assumption that a matter concerning which it acts is one affecting the public interest or designed to promote the general welfare, the assumption is conclusive upon the courts unless it is plainly apparent to them that the view entertained by the legislative body is without just foundation. Here, if we accord to them the honesty of purpose which must be conceded to them and the assumed existence of which largely supports the rule we have just stated, the . . . city council, . . . proceeded upon the assumption that it is calculated favorably to influence the public welfare."* (*County of Los Angeles* v. *Dodge,* 51 Cal.App. 492, 498 [197 P. 403].)

The question as to whether the performance of an act or the accomplishment of a specific purpose constitutes a ''public purpose,'' and the method by which such action is to be performed or purpose accomplished, rests in the judgment of the city council, and the judicial branch will not assume to substitute its judgment for that of the governing body unless the latter's exercise of judgment or discretion *"is shown to have been unquestionably abused."* (*City of Oakland* v. *Williams,* 206 Cal. 315 [274 P. 328], p. 327; emphasis added.) In the cited case the court dealt with the powers of the Board of Port Commissioners of the city of Oakland, holding that a lease between that body, as lessor, and a private corporation, as lessee, covering a warehouse to be erected on municipally owned tide-lands with public funds, was executed for a public purpose. At page 332 of that decision the Supreme Court of this state approvingly quoted an excerpt from *Green, et al.* v. *Frazier, et al.,* 253 U.S. 233, 240 [40 S.Ct. 499, 64 L.Ed. 878], the same excerpt having been likewise approvingly quoted in *Veterans' Welfare Board* v. *Jordan,* 189 Cal. 124 [208 P. 284, 22 A.L.R. 1515]. This excerpt reads as follows:

''What is a public purpose has given rise to no little judi-

cial consideration. Courts, as a rule, have attempted no judicial definition of a 'public' as distinguished from a 'private' purpose, but have left each case to be determined by its own peculiar circumstances. Gray, Limitations of Taxing Power, Section 176, 'Necessity alone is not the test by which the limits of State authority in this direction are to be defined, but a wise statesmenship must look beyond the expenditures which are absolutely needful to the continued existence of organized government, and embrace others which may tend to make that government subserve the general well-being of society, and advance the present and prospective happiness and prosperity of the people'. Cooley, Justice, in *People [ex rel. Detroit & H. R. Co.]* v. *Salem,* 20 Mich. 452 [4 Am.Rep. 400]. Questions of policy are not submitted to judicial determination, and the courts have no general authority of supervision over the exercise of discretion, which, under our system, is reposed in the people or other departments of government. *Chicago, B. & Q. R. Co.* v. *McGuire,* 219 U.S. 549, 569 [55 L.Ed. 328, 339, 31 S.Ct. 259] ; *German Alliance Ins. Co.* v. *Lewis,* 233 U.S. 389 [58 L.Ed. 1011, 34 S.Ct. 612, L.R.A. 1915C, 1189].''

We therefore conclude that payment of the necessary expenses incurred by the duly delegated officers and employees of the city of Roseville in attending the annual conference of the League of California Cities, will constitute a lawful disbursement of municipal funds for a public purpose.

In view of the foregoing, the judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 14, 1943.