[Civ. No. 4395. Fourth Dist. Apr. 29, 1952.]

L. B. PIPES et al., Petitioners, v. A. L. HILDERBRAND, as Commissioner of Finance, etc., et al., Respondents.

Rowell, Lamberson & Thomas, Milo E. Rowell, Richard Z. Lamberson and Breckinridge Thomas for Petitioners.

Docker & Docker and C. M. Ozias, City Attorney, for Respondents.

MUSSELL, J.—Petitioners (general contractors) seek a writ of mandate to compel respondent A. L. Hilderbrand, as Commissioner of Finance of the City of Fresno, to forthwith draw his purchase order and warrant for the first installment payment on a contract for the erection of two prefabricated all metal aircraft hangar buildings at the Fresno Air Terminal for the city of Fresno. The contract, in writing, was executed by petitioners and the city on the 27th of March, 1952, and except as herein noted, the regularity and legality of the proceedings prior to its execution are not questioned. On April 1, 1952, the city and North American Aviation, Incorporated, entered into an agreement in writing wherein the city leased a portion of its airport and the two hangars to be erected thereon by petitioners to North American Aviation, Incorporated, for a term of 40 months from the completion of the buildings, with an option to extend the lease by annual extensions for six additional years. The lessee agreed to pay in advance a rental of $80,000 for the first 40 months of the lease and $20,000 each year thereafter. The lessee was given the right to use the demised premises for the purposes of manufacturing, modifying, modernizing and assembling aircraft or aircraft component parts and for any other lawful purposes consistent with lessee's business operations, including the construction of a paved ramp area of approximately 7,000 square feet. It was further agreed that the lessee, in its use of the premises should conform to and abide by the rules and regulations of the Civil Aeronautics Administration and of the Fresno Air Terminal. The lessee also agreed to restore the premises at the end of the lease to their condition at the time of the commencement of the lease, with certain named exceptions. The contract with petitioner, and the lease to North American Aviation, Incorporated, were approved by the city on March 27, 1952, and the Commissioner of Public Works was authorized to execute the lease for and in behalf of the city. Petitioner delivered structural steel at the air terminal on April 1, 1952, in accordance with the terms of the contract, and demanded payment of the first installment as therein promised. The city commissioners authorized the respondent commissioner of finance to draw a warrant for the payment of the installment due. He, however, questioned the authority of the city to construct and lease the buildings, and refused to issue a purchase order and his warrant on the city treasury for payment of the installment. These proceedings were then commenced.

As stated in respondents' points and authorities, the questions on which this proceeding must be determined are whether the commission of the city of Fresno acted within the powers of the municipality in appropriating public funds for the construction of the buildings in question and in entering into contracts for the construction and lease thereof or whether such actions were ultra vires. The State of California has authorized the acquisition and maintenance of airports by municipalities and the erection and maintenance of hangars, places for flying, take-off, landing and storage of aircraft thereon. (Gov. Code, § 50470.) ■ The conduct and maintenance of an airport by the city of Fresno is a public enterprise. (*Krenwinkle* v. *City of Los Angeles,* 4 Cal.2d 611, 614 [51 P.2d 1098].) Specific authority for the leasing of its property, for airport purposes or purposes incidental to aircraft, including manufacture of aircraft, airplane engines, aircraft equipment, parts and accessories and the construction and maintenance of hangars is contained in the provisions of section 50478 of the Government Code. The Fresno city charter (art. 1, § 1) provides, among other things, that the city may acquire and lease real and personal property and provide, construct, regulate, and maintain all things in the nature of public works and improvements. ■ Since the acquisition and maintenance of airports and hangars by municipalities is a public enterprise it seems clear to us that the city of Fresno was acting within its powers in entering into the contract for construction of hangars on its airport property. ■ It is equally clear that the city may lawfully lease such hangars to a private person or corporation for the purposes stated in the lease, to wit, manufacturing, modifying, modernizing, and assembling aircraft or aircraft component parts. ■ Such purposes are "public purposes" when, as here shown, they are a part of the development, maintenance and operation of the airport. It appears from the record before us that North American Aviation, Incorporated, now has a plant at the Fresno Air Terminal which it leases from the city and in which approximately 400 persons are employed; that by the erection and lease of the two hangars involved, the facilities for aircraft assembly operations and aircraft modification and manufacture at the air terminal will be materially increased; that at the termination of the lease the hangars will be returned to the city and will increase and develop the capacity of the air terminal for aircraft and airport purposes; that the buildings to be erected

will be used in part for the manufacture of airplanes or aircraft and parts thereof for the United States government in its national defense program and that the lessee will use the airport facilities of the terminal jointly with the general public. It should be here noted that the respondent city by its answer admits all the allegations contained in the petition for writ of mandate herein and asks that the writ issue.

Respondent Hilderbrand argues that the city may not appropriate public funds for the express purpose of erecting buildings to be leased to North American Aviation, Incorporated, and that such an appropriation is an extension of credit to or in aid of a private corporation. A similar argument was advanced, and by the court rejected, in the case of *City of Oakland* v. *Williams,* 206 Cal. 315 [274 P. 328]. In that case the board of port commissioners of the city of Oakland had contracted to construct a warehouse at a cost of $400,000, and lease it to Rosenberg Bros. and Company, a private corporation extensively engaged in packing, processing and shipping dried fruits and related products in large shipments to domestic and foreign ports. The proceeding was in mandamus to compel the city auditor to attach his certificate to the lease and contract. The main point presented was that the lease attempted to authorize the use of public funds for a private purpose in violation of article I, section 14 of the state Constitution. The court stated that the erection of the warehouse and the letting of it for the purposes set forth in the lease must have some relation to and connection with, or be promotive of the accomplishment of the development, improvement and upbuilding of the harbor in order to receive judicial approval, and held that the lease contract authorized an improvement and conveniences consistent with the scheme of developing and improving the city harbor; that the Rosenberg transaction constituted but a single unit in a comprehensive harbor development plan, and was not executed with the primary purpose of promoting the business success of the corporation, although such a result might be an incident of such purpose. There is no showing here that the city did not enter into the contract and lease as a part of a comprehensive plan to develop its air terminal.

Respondent argues that the Oakland case, *supra,* is not controlling authority on the instant question because the lessee therein was required by the lease to route its goods by an adjacent wharf terminal and to guarantee the amount of ton-

nage to be shipped through such terminal. However, the lease before us provides for the joint use of the air terminal facilities by the lessor and lessee, and such use will no doubt materially aid in the development of the terminal for public use. ■ In the instant case it is apparent that the object of the city of Fresno in contracting for the construction and lease of the two hangars at its air terminal was not to promote the private business of North American, Incorporated, but to develop the terminal and its facilities, which is clearly a public purpose. As was said in *City of Roseville* v. *Tulley*, 55 Cal.App.2d 601, 608 [131 P.2d 395] :

"The question as to whether the performance of an act or the accomplishment of a specific purpose constitutes a 'public purpose,' and the method by which such action is to be performed or purpose accomplished, rests in the judgment of the city council, and the judicial branch will not assume to substitute its judgment for that of the governing body unless the latter's exercise of judgment or discretion *'is shown to have been unquestionably abused.'* " (Citing *City of Oakland* v. *Williams*, supra.) " '. . . Questions of policy are not submitted to judicial determination, and the courts have no general authority of supervision over the exercise of discretion, which, under our system, is reposed in the people or other departments of government. (*Chicago, B. & Q. R. Co.* v. *McGuire*, 219 U.S. 549, 569 [55 L.Ed. 328, 339, 31 S.Ct. 259] ; *German Alliance Ins. Co.* v. *Lewis*, 233 U.S. 389 [58 L.Ed. 1011, 34 S.Ct. 612, L.R.A. 1915C 1189].' "

■ No abuse of discretion is shown by the record herein. It appearing to this court that the construction contract with petitioners and the lease agreement with North American, Incorporated, are valid subsisting agreements between the parties thereto, and no sufficient legal cause having been shown why respondent A. L. Hilderbrand, as Commissioner of Finance of the City of Fresno, should not issue a warrant in payment of the first installment on said contract, it is therefore ordered that a writ of mandate issue as prayed for in the petition herein. Petition for allowance of attorneys' fees in this proceeding denied. The record shows that respondent Hilderbrand appeared and made defense in the proceedings in good faith. Petitioners are awarded costs, to be paid by the respondent city. (Code Civ. Proc., § 1095; *Union Trust Co.* v. *Superior Court*, 13 Cal.2d 541, 543 [90 P.2d 582].)

Barnard, P. J., and Griffin, J., concurred.