BILL LOCKYER Attorney General DANIEL G. STONE Deputy Attorney General
THE HONORABLE KENNETH B. DAPEER, SOUTH EL MONTE CITY PROSECUTOR, has requested an opinion on the following question:
May a city council reimburse a council member for actual and necessary expenses incurred in attending the Governor's inauguration?
 CONCLUSION
A city council may reimburse a council member for actual and necessary expenses incurred in attending the Governor's inauguration if the council member performed official duties while at the inauguration.
 ANALYSIS
Government Code section 36514.5[1] authorizes members of city councils to be reimbursed for certain expenses: "City councilmen may be reimbursed for actual and necessary expenses incurred in the performance of official duties." We are asked whether a city council member's attendance at the inauguration of the Governor would qualify as "the performance of official duties" for purposes of expense reimbursement under the terms of section 36514.5. We conclude that it may, depending upon the particular circumstances.
Here, we may assume that the expenses are incurred by and for the council member alone, that they are reasonable in cost, and that they are limited to and necessary for the council member's attendance at the Governor's inauguration ceremony and related official events.
In analyzing the expense reimbursement language of section 36514.5, we are mindful of certain general principles. "An expenditure of municipal funds is permitted only where it appears that the welfare of the community and its inhabitants is involved and benefit results to the public." (Albright v. City of South San Francisco (1975) 44 Cal.App.3d 866,869; see 85 Ops.Cal.Atty.Gen. 210, 211-213 (2002); 61 Ops.Cal.Atty.Gen. 342, 344 (1978).) Statutes allowing the payment of "fees, expenses, and compensation of public officers" are to be "strictly construed" (Madden v. Riley (1942) 53 Cal.App.2d 814, 822; accord, County of San Diego v. Milotz (1956) 467 Cal.2d 761, 767; 66 Ops.Cal.Atty.Gen. 186, 187 (1983); 65 Ops.Cal.Atty.Gen. 517, 520-521 (1982)) so that public funds are protected from unnecessary or excessive claims (Citizen Advocates, Inc. v. Board of Supervisors (1983)146 Cal.App.3d 171, 177; 61 Ops.Cal.Atty.Gen. 303, 305 (1978); 60 Ops.Cal.Atty.Gen. 16, 21 (1977)).
The phrase "performance of official duties" contained in section 36514.5 requires an evaluation of the nature of the particular office in question as established by law. (See 66 Ops.Cal.Atty.Gen., supra, at p. 20.) Here, we note that the Legislature has enumerated the general powers of city councils in sections 37100 through 40592, including the broad complementary power set forth in section 37112: "In addition to other powers, a [city's] legislative body may perform all acts necessary or proper to carry out the provisions of this title." (See also §§ 50001-50295; 79 Ops.Cal.Atty.Gen. 40, 43-45 (1996).) The statute most relevant to our inquiry is section 50023, which provides:
 "The legislative body of a local agency, directly or through a representative, may attend the Legislature and Congress, and any committees thereof, and present information to aid the passage of legislation which the legislative body deems beneficial to the local agency or to prevent the passage of legislation which the legislative body deems detrimental to the local agency. The legislative body of a local agency, directly or through a representative, may meet with representatives of executive or administrative agencies of state, federal, or local government to present information requesting action which the legislative body deems beneficial to, or opposing action deemed detrimental to, such local agency. The cost and expense incident thereto are proper charges against the local agency."
Cities may also form or join associations to advance such lobbying activities. (§ 50024; see Lehane v. City Etc. of San Francisco (1972)30 Cal.App.3d 1051, 1056 [membership in League of California Cities constitutes proper activity]; 85 Ops.Cal.Atty.Gen., supra, at pp. 212-213.)
The inauguration of the Governor may give a city's designated representative the opportunity to "present information to aid the passage of legislation" beneficial to the city "or to prevent the passage of legislation which the [city council] deems detrimental to the [city]." (§ 50023.) At the inauguration ceremony and related official events, it may be expected that a city's authorized representative "may meet with representatives of executive" departments of the state. (Ibid.) If such activities occur, "[t]he cost and expense incident thereto are proper charges against the [city]." (Ibid.; cf. State v. Davis (1980)269 S.E.2d 291, 295-296 [48 N.C.App. 526, 533] [purchase of town council members' train tickets to presidential inauguration was valid expenditure of public funds].) Additional duties and responsibilities may be undertaken on behalf of the city by a city council member attending the Governor's inauguration.
It must be emphasized, however, that a direct connection must be established between the attendance at the Governor's inauguration and the performance of official duties, such as lobbying for passage of legislation beneficial to the city. In 61 Ops.Cal.Atty.Gen. 303, supra, we observed with respect to the requirements of a statute similar to section 36514.5:
 "It appears that the phrase `actual and necessary expenses . . . incurred in the course of performing services for the district . . . under the direction of the governing board . . .' found in [Education Code] section 44032 is broad enough to permit reimbursement of certain employees . . . for their expenses incurred in attending functions of local civic organizations where there is a clear nexus between the attendance of the employee at such a function and the performance of the service for which the employee is regularly employed." (Id. at p. 305.)
In 61 Ops.Cal.Atty.Gen 478, 480 (1978), we concluded that members of boards within the Department of Consumer Affairs may attend conferences as part of their "official duties" under the terms of Business and Professions Code section 103, given the "clear nexus" between such attendance and the "performance of the [members'] statutorily mandated services." Similarly, in Madden v. Riley (1942) 53 Cal.App.2d 814, 823, the court stated that attendance at a conference could be classified as "state business" if "some direct connection" could be established:
 "While it is difficult to draw the line between legitimate services which may be deemed to constitute state business, and those which are not included therein, we are satisfied that the purpose for which an officer attends a convention must have some direct connection with the fulfillment of his own public duties in the department in which he is employed, to entitle him to recover traveling expenses incident thereto."
The facts in each case must be carefully examined for a proper resolution in applying the terms of section 36514.5. (See City of Roseville v. Tulley (1942) 55 Cal.App.2d 601, 606-608.) It is for the city council to exercise its sound discretion in reviewing a claim for expense reimbursement. (See 65 Ops.Cal.Atty.Gen., supra, at p. 523; 61 Ops.Cal.Atty.Gen., supra, at p. 305; 60 Ops.Cal.Atty.Gen., supra, at p. 22.) As emphasized by the court in City of Roseville v. Tulley, supra,55 Cal.App.2d 601:
 "The question as to whether the performance of an act or the accomplishment of a specific purpose constitutes a `public purpose,' and the method by which such action is to be performed or purpose accomplished, rests in the judgment of the city council, and the judicial branch will not assume to substitute its judgment for that of the governing body unless the latter's exercise of judgment or discretion `is shown to have been unquestionably abused.' [Citation.]" (Id. at p. 608.)
If the city council has approved the council member's attendance at the Governor's inauguration prior to the event, the council's verification of the member's expense claim will be fairly limited in scope. Payment of expenses would be appropriate where the council member has performed the official duties that the council has approved in its authorization of the travel. (See Albright v. City of South San Francisco (1975)44 Cal.App.3d 866, 870; City of Roseville v. Tulley, supra,55 Cal.App.2d at p. 606; 65 Ops.Cal.Atty.Gen., supra, at pp. 520-524; 60 Ops.Cal.Atty.Gen., supra, at pp. 22-23.)
Where, on the other hand, the council member seeks reimbursement of expenses incurred without having obtained prior council authorization to attend the Governor's inauguration, a more extended inquiry must be made by the city council. Under such circumstances, relevant questions for the council member might include a number of subjects. For example, was the invitation to attend the inauguration extended to the council member in his official capacity as a representative of the city or was it extended to him in his personal capacity as a campaign contributor or for some other reason? What official duties were performed by the council member at the inauguration? What benefit did the city receive from the council member's attendance? (See Madden v. Riley, supra, 53 Cal.App.2d at p. 824; 65 Ops.Cal.Atty.Gen., supra, at p. 523.)
We conclude that a city council may reimburse a council member for actual and necessary expenses incurred in attending the Governor's inauguration if the council member performed official duties while at the inauguration.
[1] References hereafter to the Government Code are by section number only.