[Civ. No. 8676.   Fourth Dist., Div. Two.   May 6, 1968.]

EARL W. PORTER, Plaintiff and Respondent, v. CITY OF RIVERSIDE et al., Defendants and Appellants.

John Woodhead, City Attorney, O'Melveny & Myers, and Howard J. Deards for Defendants and Appellants.

Henry W. Coil, Sr., as Amicus Curiae on behalf of Defendants and Appellants.

Thompson & Colegate and Michael R. Raftery for Plaintiff and Respondent.

KERRIGAN, Acting P. J.—The Charter of the City of Riverside was prepared by a Board of Freeholders, adopted by the electors, approved by the Legislature, and became effective in April 1953. The charter provision relating to councilmen's expenses reads as follows:

"Sec. 402. Compensation; reimbursement for expenses. The members of the city council shall receive *no compensation* for their services *as such,* but shall receive reimbursement on order of the city council for council-authorized traveling and other expenses when on official duty. *In addition, each member shall receive such amount as may be fixed by ordinance, which amount shall be deemed to be reimbursement of other out-of-pocket expenditures and costs imposed upon him in serving as a city councilman.*" [Italics supplied.]

In May 1953, the council held its inaugural meeting and adopted an ordinance fixing each councilman's expense allowance in the sum of $200 per month. Thereafter, in July 1955, the council adopted Ordinance No. 2226, which increased the councilmen's expense allowance to $250 monthly. Ten years later, in August 1965, the council passed Ordinance No. 3300, which recited that the councilmen's original expense allowance was $200; that it was thereafter increased to $250 monthly; that inflation and greater demands on councilmen had resulted in an increase in out-of-pocket expenses; that the sum of $350 per month represented reasonable costs expenditures incurred by councilmen; that the expense allowance be increased to $350 monthly; and that the $350 "be paid monthly without presentation of any claim."

In September 1965 the plaintiff filed this acton, and the allegations of the complaint may be briefly summarized in the following manner: that Ordinance No. 3300 requires the payment to each councilman of $350 monthly "as purported reimbursement of out-of-pocket expenses without presentation of any claim, voucher, proof of payment or proof of authorization of such expenses by the council"; that such payment "as reimbursement for out-of-pocket expenses not shown to be expended, is, in fact, payment of compensation, as prohibited by the Riverside City Charter"; that such payment "will increase the burden of taxation in an unlawful manner, to wit, the payment of compensation to each City Councilman in direct violation of the Charter provisions of the City of River-

side." No allegations were contained in the complaint attacking the council's finding that the amount of out-of-pocket expenditures were at least $350 as being so unreasonable as to constitute arbitrary action or constructive fraud. Nor was there an allegation that the council acted in bad faith with improper motives in that $350 per month was in excess of actual expenses. Thus, the attack on the ordinance was based on the premise that section 402 of the charter was violated in the event the $350 additional allowance authorized by Ordinance No. 3300 was paid without requiring the presentation of itemized claims and vouchers showing actual expenditures. The complaint prayed that the city be restrained from paying the $350 per month to the councilmen "as reimbursement of out-of-pocket expenses, without requiring proof of the nature of said . . . expenses, the amount thereof, and that they are actually incurred. . . ."

Defendants filed a general and special demurrer to the complaint. The demurrer was overruled and defendants answered.

During trial, the court permitted the introduction of evidence at plaintiff's counsel's request as to the actual monthly expenses incurred by members of the city council. The seven councilmen's expenses ranged from $150 to $555. From the evidence thus presented, the trial court determined that the $350 allowance fixed in Ordinance No. 3300 was "in excess of the actual and allowable out-of-pocket expenses and costs . . ." incurred "and does . . . include compensation for services rendered by the City Councilmen. . . ." Judgment was therefore rendered in favor of the plaintiff wherein its was decreed: (1) Riverside City Ordinance No. 3300 was invalid in its entirety as violative of section 402 of the Riverside City Charter; (2) Ordinance No. 2226 [the prior ordinance authorizing $250 per month allowance] was valid and binding; and (3) defendants be restrained from paying the members of the City Council $350 per month pursuant to Ordinance No. 3300, "but that said injunction shall not, and does not, restrain or enjoin defendants from paying to the members of said City Council the sums provided by said Ordinance No. 2226 or any other sum provided to be paid by any subsequent amendment of said Ordinance No. 2226 or any subsequent ordinance of the City of Riverside. . . ."

Defendants' assault on the judgment is stated in varying forms, which may be categorized in the following manner: (1) The complaint fails to state a cause of action; (2) the findings

went beyond the issues framed by the pleadings; (3) the trial court erred in permitting the introduction of evidence relating to the councilmen's actual expenses; (4) insufficiency of the evidence to support the findings; and (5) the action is barred by reason of plaintiff's laches, unclean hands, and political motives.

Stated simply, the sole, crucial issue on appeal is whether Ordinance No. 3300 is valid under section 402 of the charter.

■ An ordinance stands in the same relationship to a city charter as does a statute to the constitution of the state. Thus, charter provisions constitute the organic law or local constitution of the city. (*In re Pfahler,* 150 Cal. 71, 82 [88 P. 270, 11 Ann.Cas. 911, 11 L.R.A. N.S. 1092]; *Dalton* v. *Lelande,* 22 Cal.App. 481, 487 [135 P. 54].) The same presumptions that favor the constitutionality of state legislative enactments apply also to ordinances. (11 Cal.Jur.2d, Const. Law, § 74, pp. 407-408.) ■ Every presumption is in favor of constitutionality and the invalidity of a legislative act must be clear before it can be declared unconstitutional. (35 Cal.Jur.2d, Municipal Corporations, § 416, p. 223.) ■ The action of the Legislature will be upheld by the courts unless beyond its powers, "or its judgment or discretion is being fraudulently or corruptly exercised." (*Nickerson* v. *County of San Bernardino,* 179 Cal. 518, 522-523 [177 P. 465]; *Wine* v. *Boyar,* 220 Cal.App.2d 375, 381-382 [33 Cal.Rptr. 787].)

■ When the right to enact a law depends upon the existence of a fact, the passage of the act implies, and the conclusive presumption is, that the Legislature performed its duty and ascertained the existence of the fact before enacting and approving the law—a decision which the courts have no right to question or review. (*Robins* v. *County of Los Angeles,* 248 Cal.App.2d 1, 6 [56 Cal.Rptr. 853]; *Taylor* v. *Cole,* 201 Cal. 327, 336-337 [257 P. 40]; *Smith* v. *Mathews,* 155 Cal. 752, 756 [103 P. 199].) ■ Not only must the legislative act be reviewed in the light of every presumption favorable to its constitutionality, but the court must limit itself to a consideration of such matters as appear on the face of the enactment (*Alameda etc. Water Dist.* v. *Stanley,* 121 Cal.App.2d 308, 315 [263 P.2d 632]; *People* v. *Sacramento Drainage Dist.,* 155 Cal. 373, 386 [103 P. 207]), together with those facts which are matters of judicial cognizance. (*Los Angeles County Flood Control Dist.* v. *Hamilton,* 177 Cal. 119, 125 [169 P. 1028]; *City of Ojai* v. *Chaffee,* 60 Cal.App.2d 54, 61 [140 P.2d 116]; *Whitcomb* v. *Emerson,* 46 Cal.App.2d 263, 276 [115

P.2d 892].) ■ Stated in basic terms, where a statute is valid on its face, and there are no other considerations of which the court can take judicial notice tending to establish unconstitutionality, the courts will not go behind the statute or ordinance and receive evidence *aliunde* to establish facts that would tend to impeach and overturn the law. (*Taylor* v. *Cole, supra,* p. 337; *Stevenson* v. *Colgan,* 91 Cal. 649, 652 [27 P. 1089, 25 Am.St.Rep. 230, 14 L.R.A. 459].)

■ Whether we view the presumption in support of the validity of enactments as a conclusive presumption which the courts have no right to question or review (*Robins* v. *County of Los Angeles, supra,* 248 Cal.App.2d 1, 6; *Smith* v. *Mathews, supra,* 155 Cal. 752, 756), or follow the more limited rules to the effect that the enactment is presumed to be constitutional and must be deemed to have been enacted on the basis of any state of facts supporting it that ''reasonably can be conceived'' (*Higgins* v. *City of Santa Monica,* 62 Cal.2d 24, 30 [41 Cal.Rptr. 9, 396 P.2d 41]), or ''reasonably could be assumed'' (*Redevelopment Agency* v. *Hayes,* 122 Cal.App.2d 777, 806 [266 P.2d 105]), or are ''possible'' (*Galeener* v. *Honeycutt,* 173 Cal. 100, 103-104 [159 P. 595]), it inevitably follows that the trial court's determination holding the expense allowance invalid was erroneous.

Section 1 of Ordinance No. 3300 provides that each councilman's out-of-pocket expenditures and costs are ''and will continue to be at least $350 per month.''

■ The foregoing finding by the council may be regarded as giving rise to a conclusive presumption sustaining the validity of the enactment (see *Robins* v. *County of Los Angeles, supra,* 248 Cal.App.2d 1, 6). However in the event the trial court determined that it was acting within its prereogative in questioning the council's determination that $350 monthly was required as an expense allowance, its review should have been confined to a consideration of those facts which appeared on the face of the ordinance, together with those facts within its judicial knowledge. (*Alameda etc. Water Dist.* v. *Stanley, supra,* 121 Cal.App.2d 308, 315; *Los Angeles County Flood Control Dist.* v. *Hamilton, supra,* 177 Cal. 119, 125.) Succinctly stated, it was certainly reasonable and possible that the councilmen's expenditures and costs amounted to $350 monthly, and inasmuch as the city's legislative body made such a determination, the court exceeded its powers in admitting evidence *aliunde* for the purposes of contravening such finding.

*Galeener* v. *Honeycutt, supra,* 173 Cal. 100, is a case involving a change of compensation; plaintiff was elected to the officer of supervisor of Madera County at a time when the statute fixing the compensation of supervisors provided that the compensation was $1,200 per year and 25c per mile for all distances traveled by the supervisors in the discharge of their duties as road commissioners, which mileage allowance was not to exceed $600 annually; a subsequent 1915 act changed the compensation to $1,800 per year for services as board members and as road commissioners; the act "found" that the change did not work an increase in compensation and declared that it was intended that it apply to the present incumbents; the enactment was attacked on the ground that it was violative of section 9 of article XI [since repealed] of the California Constitution, which prohibited the increase of compensation to incumbents during their term of office; the Supreme Court held that the Madera County statute was constitutional and explicitly stated: "There is absolutely nothing on the face of the law to show that each supervisor of Madera County is not actually required to travel two thousand four hundred miles per year in the discharge of his duties as road commissioner, and that such was the condition in both the years 1914 and 1915. If such a condition was possible, we must assume in favor of the legislative enactment that it existed, for, as was said . . . in *Smith* v. *Mathews,* 155 Cal. 752, 756 [103 P. 199, 201], the doctrine of *Stevenson* v. *Colgan,* 91 Cal. 649 [27 P. 1089, 25 Am.St.Rep. 230, 14 L.R.A. 459] . . . is that 'when the right to enact a law depends upon the existence of a fact, the passage of the act implies, and the conclusive presumption is, that the Governor and the Legislature have performed their duty and ascertained the existence of the fact before enacting and approving the law. . . .' "

The trial court's finding that the councilmen's "actual" out-of-pocket expenses were less than $350 monthly went beyond the issues generated in the complaint, was based upon inadmissible evidence, and was therefore void. (*Simmons* v. *Simmons,* 166 Cal. 438, 441 [137 P. 20].)

■ Finally, under any reasonable interpretation of section 402 of the charter, it manifestly appears that while a councilman is not entitled to receive compensation "as such," he is expressly entitled to receive reimbursement on "order of the City Council for council-authorized travel and other expenses when on official duty." Furthermore, he is

entitled to an additional allowance unconnected with travel and other official-duty expenses by reason of the following proviso: "In addition, each member shall receive such amount as may be fixed by ordinance, which amount shall be deemed to be reimbursement of other out-of-pocket expenditures and costs imposed upon him in serving as a city councilman." Consequently, by the express provisions of the charter, each councilman is entitled to receive a sum fixed by ordinance as an additional expense allowance. Moreover, councilmen are not required to submit itemized claims or vouchers showing actual expenditures under the last-quoted section of the charter. While the charter precludes a councilman from receiving a salary for his governmental services, and while it has been judicially determined that when a city charter is silent on the subject of compensation of members of the council, an ordinance authorizing the payment of a salary to councilmen is invalid as being violative of the charter (*Woods* v. *Potter*, 8 Cal.App. 41, 45 [95 P. 1125]), the Riverside Charter unequivocally sanctions the payment of the expense allowance involved in the case under review.

The judgment is reversed.

Tamura, J., concurred.