[Civ. No. 6954. Fifth Dist. Aug. 17, 1983.]

CITIZEN ADVOCATES, INC., et al., Plaintiffs and Appellants, v. BOARD OF SUPERVISORS OF STANISLAUS COUNTY et al., Defendants and Respondents.

**[Opinion certified for partial publication.[1]]**

---

¹Part I is not published, as it does not meet the standards for publication contained in rule 976(b), California Rules of Court.

172

COUNSEL

A. Lee Sanders for Plaintiffs and Appellants.

Martin, Barker & Croskey, Barker, Clark, Loeffler, Waggoner and Newman and Carl O. Waggoner for Defendants and Respondents.

OPINION

MARTIN, J.—

### STATEMENT OF THE CASE

Appellants filed a complaint for injunctive relief and damages challenging a motion adopted by the Board of Supervisors of the County of Stanislaus on January 18, 1977, which authorized the payment to certain designated county officials of an allowance of $100 per month in addition to the payment of mileage at a fixed rate for the use of their vehicles.

Appellants filed a motion for partial summary judgment and respondents thereafter filed a cross-motion for summary judgment and motion for judgment on the pleadings.

The Superior Court of Stanislaus County, by the Honorable M. O. Sabraw, assigned judge, granted respondents' motion for summary judgment

and denied appellants' motion. Judgment was entered in favor of respondents. Appellants appeal.

## STATEMENT OF FACTS

On January 18, 1977, the Board of Supervisors of the County of Stanislaus adopted a motion that inter alia authorized payment to certain designated county officials of an auto allowance of $100 per month in addition to payment of mileage at a fixed rate. A stipulated statement of facts includes the admission that since January 18, 1977, the County of Stanislaus (hereinafter referred to as County) has made and continues to make payments of both the $100 per month allowance and the mileage at a fixed rate.

The portion of the motion challenged reads as follows: "You decided that the following elected officials would receive a car allowance of $100.00 per month plus mileage at the rate authorized by the Board of Supervisors for mileage traveled on official County business. Elected officials who are to receive this allowance are: Members of the Board of Supervisors, Assessor, Auditor-Controller, County Clerk-Recorder, District Attorney, Sheriff-Coroner and Treasurer-Tax Collector. Any of these elected officials who are assigned a County car on a full-time basis will not be allowed the monthly car allowance or mileage."

Robert E. Hubbard, auditor-controller of Stanislaus County, declared on behalf of respondent County that those county officers who received this allowance, must, as a condition of receipt, have their own personal automobile available for use to transport themselves while acting on county business and those individuals receiving the allowance may not use a county vehicle. Mr. Hubbard further declared:

"Previous county practice had been to assign certain county officers and employees, who were in need of a car, one purchase, [sic] serviced and maintained at county expense. It is far less costly to pay $100.00 per month, plus mileage, than for the county to pay the afore mentioned [sic] amounts than for it to purchase and maintain an automobile. In light of current automobile and maintenance costs, it is even more cost effective than originally envisioned."

Philip Rosenberg, director of personnel for the personnel department of the County of Stanislaus declared that upon inquiry of a number of counties as to their practice regarding the payment of a car allowance and mileage, he discovered that a "number of other Counties in California have a similar practice to our County."

On February 3, 1981, appellants commenced suit stating two causes of action. The first cause of action was brought under Code of Civil Procedure section 526a to enjoin further payments of both the car allowance and mileage at a fixed rate. The second cause of action sought recovery of all public funds expended for car allowances and for 20 percent of the sum recovered for the use thereof as provided in Government Code section 26525, reasonable attorney's fees and costs, in accordance with Code of Civil Procedure section 1021.5.

Appellants allege that each and every individual plaintiff is a resident of and taxpayer to the defendant County of Stanislaus; that plaintiff Citizen Advocates, Inc., is a nonprofit corporation created and existing under the laws of the State of California; and that plaintiff Citizen Advocates, Inc., has as members each of the individual plaintiffs herein.

Cross-motions for summary judgment were filed. The court below determined inter alia that plaintiff Citizen Advocates, Inc., a nonprofit corporation, lacks standing to sue under Code of Civil Procedure section 526a in that the corporate plaintiff is not a taxpayer. It was further decided that Government Code section 1223 authorized the County to pay $100 per month plus mileage to public officers. Appellants appeal from those two portions of the decision.

DISCUSSION

I. WHETHER CITIZEN ADVOCATES, INC. HAS STANDING TO SUE.[2]

II. WHETHER THE PROVISIONS OF THE MOTION CONSTITUTE DOUBLE PAYMENT IN VIOLATION OF SECTION 1223 OF THE GOVERNMENT CODE.

, Appellants contend the subject motion is unlawful in that it authorizes double payment for actual and necessary use in violation of Government Code section 1223.[3]

Section 1090 provides as follows: "Members of the Legislature, state, county, district, judicial district, and city officers or employees shall not be financially interested in any contract made by them in their official capacity, or by any body or board of which they are members. Nor shall state, county, district, judicial district, and city officers and employees be purchasers at any sale or vendors at any purchase made by them in their official capacity.

[2]See footnote 1, *ante,* as to part I.

[3]All statutory references are to the Government Code unless otherwise specified.

"As used in this article, 'district' means any agency of the state formed pursuant to general law or special act, for the local performance of governmental or proprietary functions within limited boundaries."

"Every contract made in violation of any of the provisions of Section 1090 may be avoided at the instance of any party except the officer interested therein." (Gov. Code, § 1092.)

At the time the subject motion was adopted, section 1091.5, subdivision (a)(2) provided that an officer or employee shall not be deemed to be interested in a contract if his interest is that of an officer in being reimbursed for his actual and necessary expenses incurred in the performance of official duty.[4]

Section 1223 (formerly § 920 of the Pol. Code) is an exception to the general rule. (3 Ops.Cal.Atty.Gen. 249, 251, 252 (1944).) Passed in 1943 and amended in 1951, section 1223 provides: "When traveling expenses are allowed by law to any state, county, judicial district, or city officer, he may contract with the appropriate authorities for an allowance or mileage rate for the use of vehicles owned or rented and used by him in the performance of duty, in lieu of the usual transportation charges."

Appellants claim section 1223 does not permit both payment of mileage at a fixed rate and an allowance for such expenses. Appellants contend that the use of the word "or" in section 1223 precludes the payment of both mileage and the allowance.

■ The word "or" is ordinarily used as a disjunctive " 'that marks an alternative generally corresponding to "either" as "either this or that." ' " (*Barker Bros., Inc.* v. *Los Angeles* (1938) 10 Cal.2d 603, 606 [76 P.2d 97].)

Respondent asserts the word "or" does not automatically mean that the mileage and fixed allowance are exclusive alternatives, or that the disjunctive was intended. Respondents provide the following quote: "[T]he use or misuse of the words 'or' and 'and' interchangeably [*sic*] in legislation has been the subject of frequent animadversion on the part of courts; so much so, in fact, that the solution of the question as to whether the framers of a law intended, whichever of these words was used, to mean 'or' or 'and' has come to depend almost wholly upon the context in which one or the

---

[4]Section 1091.5 was amended in 1980 to substitute "him or her," "his or her," and "he or she" for respectively "him," "his" and "he," and added the two paragraphs of subdivision (a)(8).

other of these words appears and the reasons underlying the legislation and which would be conserved by the use of disjunctive or conjunctive forms of speech regardless of the particular word employed. This was made plain by this court in the case of *Washburn* v. *Lyons,* 97 Cal. 314 [32 Pac. 310], wherein the word 'and' in a statute was construed to mean 'or'; and was quite clearly stated and argued with much citation of authority in the case of *Abbey* v. *Board of Directors, etc.,* 58 Cal.App. 757 [209 Pac. 709], wherein the word 'or' was construed to mean 'and' in order to carry out the legislative intent." (*Hennigan* v. *United Pacific Ins. Co.* (1975) 53 Cal.App.3d 1, 5-6 [125 Cal.Rptr. 408] quoting from *Arnold* v. *Hopkins* (1928) 203 Cal. 553, 563 [265 P. 223].)

■ It is well settled that fees in compensation of public officers, being of statutory origin, may be collected and retained only when they are specifically provided by law; moreover, the laws granting the same are to be strictly construed in favor of the government, and where ambiguity arises and the enactment admits of two interpretations, the rule of strict construction in favor of the government must be applied. (*County of Marin* v. *Messner* (1941) 44 Cal.App.2d 577, 585 [112 P.2d 731]; *County of San Diego* v. *Milotz* (1956) 46 Cal.2d 761, 767 [300 P.2d 1].) The purpose of this rule is to protect the public from unnecessary or excessive claims from public officials. (60 Ops.Cal.Atty.Gen. 16, 21 (1977).) Where the Legislature has restricted the expenditure of public funds, an interpretation which will permit the least expenditure should be favored. (58 Ops.Cal.Atty.Gen. 223, 224 (1975).)

■ It is uncontroverted that the adoption and implementation of the car allowance plus reimbursement of mileage at a fixed rate has resulted in substantial savings to the County by relieving the County of the necessity of purchasing, servicing and maintaining county cars for various county officers and employees. Therefore, the provisions for a car allowance plus mileage is deemed to be for the benefit of and in the best interests of the County.

*County of Marin* v. *Messner, supra,* 44 Cal.App.2d 577 is the only case which considers section 1223. In that case it was held section 920 of the Political Code (now § 1223) authorized a county surveyor to collect transportation expenses of assistants but prohibited payment of claims for rental equipment. Appellant has not cited nor has any case been located supporting their contention that section 1223 provides for an "either/or" type authorization relative to payment of mileage or allowance.

The general tone of section 1223 is permissive rather than restrictive. Appellants argue for an interpretation of "allowance" and "mileage" as

mutually exclusive and contradictory. However, in *County of Marin* v. *Messner, supra,* 44 Cal.App.2d 577, the court speaks of an "allowance of 15 cents per mile." As the trial court stated: "An allowance means something that is allowed." There the court construed the applicable section as "general in its scope and application, and its language is broad enough, in our opinion, to cover *all* traveling expenses to and from work in the field, for *every* surveyor in the state."

It is logical to conclude that the Legislature when enacting section 1223 intended a reasonable solution to the problem presented by the necessary use of vehicles privately owned or rented and used by said officials and employees in the performance of their duties. As a travel expense, payment of an allowance is not prohibited even though mileage is paid on an actual miles traveled basis. This interpretation carries out the obvious intent of the Legislature by permitting the least costly expenditure of public funds. As stated by the court below: "A review of these cases and various Code sections referring to the term 'allowance' leads to the conclusion that there is not a narrow, precise definition called for by the word, but rather it is a broad term which could encompass many forms or types of compensation to be paid by a governmental entity. The term 'mileage' as used in Section 1223 can be reasonably interpreted as illustrative of the kinds of allowances authorized." We agree with this analysis.

III. WHETHER THE MOTION IS IN VIOLATION OF SECTIONS 1090 AND 1091.5, SUBDIVISION (a)(2) OF THE GOVERNMENT CODE.

■ Appellants contend that if the purpose of the $100 per month allowance is for compensating public officials for having their private vehicles "standing by" should they be needed on public business, then the public officials are being compensated when their vehicles are not being used for "actual and necessary" purposes.

Section 1091.5, subdivision (a)(2), authorizes reimbursement of "actual and necessary expenses incurred in the performance of official duty." Section 1223 permits an allowance "for the use of vehicles owned or rented and used by him in the performance of duty . . . ."

Section 25305 authorizes the board of supervisors to purchase automobiles for the use of county officers and employees whose duties require frequent trips on county business. The board may purchase necessary automobiles and assign them to county boards and commissions or members thereof whose duties require frequent and adequate transportation in and about the county on county business. The use of county automobiles is in lieu of any other mileage allowed by law although the board may allow

officers and employees using county automobiles their actual and necessary expenses when traveling on county business. (Gov. Code, § 25305; see also Gov. Code, § 25352.)

It may be presumed that those officials and employees designated by respondent County to receive the $100 per month car allowance are county officers and employees whose duties require frequent trips on county business. (*Porter* v. *City of Riverside* (1968) 261 Cal.App.2d 832, 836-837 [68 Cal.Rptr. 313].) If the duties of the officer or employee require frequent and adequate transportation in conducting county business, the keeping available of his privately owned or leased vehicle with which to conduct county business would be in the performance of his or her duty. Thus, availability serves an "actual and necessary" purpose. Therefore, to the extent the motion compensates public officials and employees for having their private vehicles "standing by" it does not violate sections 1091.5, subdivision (a)(2) and 1223.

The judgment is affirmed.

Andreen, Acting P. J., and Woolpert, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 26, 1983.