TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

---

|  |  |  |
|---|---|---|
| OPINION | : | No. 86-1003 |
| of | : | March 11, 1987 |
| JOHN K. VAN DE KAMP<br>Attorney General | : | |
| RODNEY O. LILYQUIST<br>Deputy Attorney General | : | |

---

THE HONORABLE H. L. RICHARDSON, MEMBER, CALIFORNIA STATE SENATE, has requested an opinion on the following question:

May a school board member vote upon a proposed program or contract submitted to the board by an organization of which the member is the salaried executive director?

CONCLUSION

A school board member may not vote upon, participate in considering, or attempt to influence action taken upon a proposed program or contract submitted to the board by an organization of which the member is the salaried executive director except in limited circumstances. With respect to a contract proposal, the board would generally be prohibited from entering into the contract.

1

ANALYSIS

An organization proposes to a school district board that a program or contract be approved involving the schools and pupils of the district. One of the board members is the salaried executive director of the organization. May the member vote on the proposal without violating the various conflict of interest laws of California? We conclude that the member would generally be prohibited from voting on such a proposal.

1.      The Political Reform Act of 1974

The Political Reform Act of 1974 (Gov. Code, §§ 81000-91015; "Act")[1] has as one of its goals that "[p]ublic officials, whether elected or appointed should perform their duties in an impartial manner, free from bias caused by their own financial interests...."  (§ 81001, subd. (b).) Accordingly, the Act provides that "inappropriate circumstances the officials should be disqualified from acting in order that conflicts of interest may be avoided." (§ 81002, subd. (c); see Witt v. Morrow (1977)70 Cal. App. 3d 817, 822-823.) The Act covers both state and local officials (§§81001, 2003, 87100), including school board members (69 Ops. Cal. Atty. Gen.102, 103, fn. 1 (1986)).

Section 87100 contains the basic prohibition of the Act dealing with conflicts of interest:

"No public official at any level of state or local government shall make, participate in making or in any way attempt to use his official position to influence a governmental decision in which he knows or has reason to know he has a financial interest."

Several exceptions to section 87100 allow a public official to make a governmental decision in which he has a financial interest. Section 87103, for example, expressly limits the definition of "financial interest," while section 87101 allows participation where the official's "participation is legally required for the action or decision to be made."

Extensive regulations have been promulgated by the Fair Political Practices Commission ("Commission") with respect to potential conflicts of interest. (See §§ 83111-83112; Cal. Admin. Code, tit. 2, 18700-18702.2; 66 Ops. Cal. Atty. Gen.156, 162, fn. 6 (1983).) The Commission also provides written advice and issues opinions which may be relied upon by public officials. (§ 83114; 67 Ops. Cal. Atty. Gen. 369, 374 (1984).)

---

[1]All references hereafter to the Government Code are by section number only.

While we have not been given a set of facts to consider with respect to the proposed program or contract, the case of Witt v. Morrow, *supra*, 70 Cal. App. 3d 817, appears instructive concerning the general approach to be taken regarding the application of section 87100. In Witt, a member of a redevelopment agency was the salaried president and attorney of a nonprofit organization. The organization was the beneficiary of a trust that held title to property near a proposed redevelopment project. The court analyzed the possible conflict of interest as follows:

> "Morrow argues there is no conflict of interest here because there is no evidence his activities as president and attorney of BEE and his receipt of $550 per month would be affected in any way by any decision on this project. His concept of what constitutes a conflict of interest is too narrow. It is not just actual improprieties which the law seeks to forestall but also the appearance of possible improprieties. Any employee, in the private or public sector, wishes to keep his job and maintain good relations with his employer. A person who must make decisions which may affect his employer's purse is in a situation where he may not give full consideration to the merits of the decision." (*Id*., at p. 823.)

Similarly, we believe that a school board member may not generally vote upon, participate in considering, or attempt to influence action taken upon a proposed program or contract submitted to the board by an organization of which the member is the salaried executive director. Limited exceptions to the prohibition of section 87100 may apply, and the Commission is available to provide advice on a case- by-case basis.

### 2. The Board's Own Code

The Act authorizes "the Legislature or any other state or local agency" to impose" additional requirements on any person if the requirements do not prevent the person from complying with" the Act's provisions. (§ 81013; see § 87102; 67 Ops. Cal. Atty. Gen. 369, *supra*, 375, fn. 5.) Section 87300 expressly requires public agencies to" adopt and promulgate a Conflict of Interest Code," which has "the force of law." (See 67 Ops. Cal. Atty. Gen. 369, *supra*, 374.)

Accordingly, the school board's own conflict of interest code may prohibit a member from voting on a proposed program or contract that would otherwise be permissible under the Act's provisions. (See § 87302, subd. (c).) Such code would require examination in light of the particular circumstances involved.

3.      The Common Law Doctrine

The prohibition against a public officer having a conflict of interest in the performance of public duties has long been recognized in common law. The common law doctrine "strictly requires public officers to avoid placing themselves in a position in which personal interest may come into conflict with their duty to the public." (46 Ops. Cal. Atty. Gen. 74, 86 (1965).)

While this doctrine is subject to being abrogated by express statutory provisions, we have previously concluded that it is applicable where no statutory conflict exists. (67 Ops. Cal. Atty. Gen. 369, *supra,* 381; 59 Ops. Cal. Atty. Gen. 604, 613-614 (1976); 58 Ops. Cal. Atty. Gen. 345, 354-356 (1975).)

Exceptions to the common law doctrine exist, such as the rule of necessity (see 67 Ops. Cal. Atty. Gen. 369, *supra* 381), and the doctrine "may usually be avoided by complete abstention from any official action with respect to or attempt to influence the transaction" (64 Ops. Cal. Atty. Gen. 795, 797 (1981)).

Whether the common law prohibition would prevent the school board member from voting on a proposed program or contract, otherwise permissible under the Act and the Board's own code, would depend upon the particular facts presented.

4.      Section 1090

Since the proposal to the school board may concern a contract, the provisions of section 1090 require examination. (See People v. Watson (1971) 15 Cal. App. 3d 28, 34, fn. 1; People v. Darby (1952) 114 Cal. App. 2d 412, 428; 67 Ops. Cal. Atty. Gen. 369, *supra,* 375; 64 Ops. Cal. Atty. Gen. 369, *supra,* 375; 64 Ops. Cal. Atty. Gen. 795, *supra,* 797, fn. 2; 26 Ops. Cal. Atty. Gen. 287, 288-289 (1955); Widiss, The California Conflict of Interest Laws (1963) 36 So. Cal. L. Rev. 186, 198-199; Kennedy & Beck, *Interest of Public Officers in Contracts Prohibited by Law* (1955) 28 So. Cal. L. Rev. 335, 345; Comment, *Conflict of Interest in Public Contracts in California* (1956) 44 Cal. L. Rev. 355, 360-361.)[2]

Section 1090 states in part:

"Members of the Legislature, state, county, district, judicial district, and city officers or employees shall not be financially interested in any contract made by them in their official capacity, or by any body or board of which they

_____

[2]School board members are expressly covered by the provisions of section 1090. (Ed. Code. § 35233.)

4

are members. Nor shall state, county, district, judicial district, and city officers or employees be purchasers at any sale or vendors at any purchase made by them in their official capacity."[3]

Significantly, when section 1090 is applicable to one member of a board or commission, the proscription cannot be avoided by having the interested member abstain; the entire board or commission is precluded from entering into the contract.(Thomson v. Call (1985) 38 Cal. 3d 633, 649; Stigall v. City of Taft, *supra*, 58 Cal.2d 565, 570-571; City of Imperial Beach v. Bailey, *supra*, 103 Cal. App. 3d 191,195.)

The Legislature has provided several exceptions to the prohibition of section1090. In section 1091.5 are described nine situations where the "officer or employee shall not be deemed to be interested in a contract." (See Citizen Advocates, Inc. v. Board of Supervisors (1983) 146 Cal. App. 3d 171, 178-179; Frazer-Yamor Agency, Inc. v. Del Norte County (1977) 68 Cal. App. 3d 201, 217-218.)

In section 1091 the Legislature has described ten situations where a "remote interest" will be found, allowing the board or commission to enter into a contract" without counting the vote or votes of the officer or member with the remote interest."(See 67 Ops. Cal. Atty. Gen. 369, *supra*, 377, fn. 8; 65 Ops. Cal. Atty. Gen. 305, 307 (1982).) For this exception to apply, the existence of the interest must be" disclosed to the body of the board of which the officer is a member and noted in its official records." (§ 1091, subd. (a).)

Finally, we note the "rule of necessity" exception to section 1090. This rule allows a governmental agency to acquire an essential supply or service despite the conflict of interest; it allows the interested official to act where he is the only one who may do so. Similarly the board may act with the interested member abstaining in such a situation. (See Caminetti v. Pac. Mutual L. Ins. Co. (1943) 22 Cal. 2d 344, 366-367; 69 Ops. Cal. Atty. Gen. 102, *supra*, 108-109; 67 Ops. Cal. Atty. Gen.369, *supra*, 378; 65 Ops. Cal. Atty. Gen. 305, *supra*, 310).)

As with the other conflict of interest prohibitions, whether section 1090 would be applicable in a particular situation would depend upon all the facts and circumstances.

---

[3]While the statute refers to a contract being "made," the term has been expansively interpreted by the courts to cover "such embodiments in the making of a contract as preliminary discussions, negotiations, compromises, reasoning, planning, drawing of plans and specifications and solicitation forbids." (Millbrae Aim, for Residential Survival v. City of Millbrae (1968) 262 Cal. App. 2d 222, 237; see Stigall v. City of Taft (1962) 58 Cal. 2d 565, 571; City Council of Imperial Beach v. Bailey (1980)103 Cal. App. 3d 191, 196; People v. Vallerga (1977) 67 Cal. App. 3d 847, 868; People v. Sobel(1974) 40 Cal. App. 3d 1046, 1052.)

5

In answer to the question presented, therefore, we conclude that a school board member may not vote upon, participate in considering, or attempt to influence action taken upon a proposed program or contract submitted to the board by an organization of which the member is the salaried executive director except in limited circumstances. With respect to a contract proposal, the board would be prohibited from entering into the contract unless the situation falls within the exceptions enumerated in section 1091.5 or the "rule of necessity."